Patricia WILLEMS, Plaintiff—
Appellant,

v.

CITY OF NORTH LAS VEGAS,
Defendant—Appellee.

No. 06–16151.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2008.*

Filed Feb. 20, 2008.

Kenneth J. McKenna, Esq., Kenneth James McKenna, Inc., Reno, NV, for Plaintiff–Appellant.

Malani L. Kotchka, Esq., Smith & Kotchka, Carie A. Torrence, City of North Las Vegas, Jeffrey F. Barr, Esq., North Las Vegas City Attorney's Office, Las Vegas, NV, for Defendant–Appellee.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Patricia Willems, a former police officer in the City of North Las Vegas ("the City") appeals two orders by the district court: (1) summary judgment in favor of the City on Willems' claim of hostile work environment and (2) dismissal of Willems' claim of retaliatory discharge. We affirm the grant of summary judgment on the hostile work environment claim and dismiss the appeal concerning the retaliatory discharge claim because Willems withdrew that claim in the district court.

We first note that Willems' claims are facially weak because she fails to support her allegations with documented evidence

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

from the record. Most of her allegations are supported by citations to her own complaint, while others excerpt her own deposition, some pages of which were not filed in the district court. She provides little substance for this court to review. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.") (internal quotation marks omitted); *see also Carmen v. San Francisco Unified School Dist.,* 237 F.3d 1026, 1031 (9th Cir.2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could be conveniently found.").

Looking past the difficulties in her pleadings, Willems cannot prevail on the merits, either. To establish a prima facie hostile work environment claim, a plaintiff must demonstrate that she was subjected to "unwelcome" verbal or physical conduct of a "harassing nature" because of a protected characteristic, like gender, race, or religion, and that the conduct was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." 42 U.S.C. § 2000e–2(a)(1); *Kortan v. Cal. Youth Auth.,* 217 F.3d 1104, 1110 (9th Cir. 2000) (quoting *Pavon v. Swift Trans. Co., Inc.,* 192 F.3d 902, 908 (9th Cir.1999)). "To be actionable under Title VII, 'a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.' " *Montero v. AGCO Corp.,* 192 F.3d 856, 860 (9th Cir. 1999) (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)).

Although Willems may feel she was not treated well following the finalization of her settlement agreement with the City, none of the treatment she received can be objectively characterized as gender-related, as required by Title VII, nor does the described treatment rise to the level of severity that triggers liability. *See Manatt v. Bank of America,* 339 F.3d 792, 799 (9th Cir.2003) (collecting cases). The incidents alleged were neither "severe" nor "pervasive" enough to establish that the department was an "abusive" work environment that "altered the conditions" of Willems' employment. As Willems herself acknowledges, Title VII is not intended to be "a general civility code." *See id.* at 798 (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (2004)).

We have no jurisdiction to review Willems' retaliatory discharge claim because she voluntarily withdrew this claim in February 2005 in her response to the City's partial motion to dismiss. *See Wickland Oil Terminals v. Asarco, Inc.,* 792 F.2d 887, 893 (9th Cir.1986).

**AFFIRMED IN PART and DISMISSED IN PART.**